IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

STEPHEN LAMONT HARRELL,       )
                              )
      Petitioner,            )
v.                            )   Civil Action No. 3:15CV555–HEH
                              )
LOUDOUN JUVENILLE &           )
DOMESTIC RELATIONS COURT,     )
                              )
      Respondent.            )

## MEMORANDUM OPINION
### (Dismissing Habeas Petition)

Stephen Lamont Harrell, a former Virginia inmate proceeding *pro se*, filed this petition for habeas corpus pursuant to 28 U.S.C. § 2254 (§ 2254 Petition," ECF No. 1) challenging his 365-day sentence for civil contempt imposed by the Juvenile and Domestic Relations Court for Loudon County for failure to pay child support. (§ 2254 Pet. 2.) As his sole ground for relief, Petitioner stated, "Proposed motions to pay more than 20% percent of the purge bond." (*Id.* at 6.) For the supporting facts and law for this claim, Harrell stated, "Please see motions, and grounds presented to the Court." (*Id.*)

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Harrell failed to state how his sentence for civil contempt violated the Constitution. The Court informed Harrell that the Court would not sort through his submissions to find any constitutional claims that may be lurking therein. Accordingly, by Memorandum Order entered on April 27, 2016, the Court informed

Harrell that he must file a proper § 2254 Petition on the standardized forms. The Court further informed Harrell that the Court's consideration of Harrell's grounds for habeas relief would be limited to the grounds and supporting facts concisely set forth on the standardized form and on any attached pages.

On May 4, 2016, Harrell filed his response to the Court's Memorandum Order. For the reasons set forth below the action will be DISMISSED.[1]

"[A] habeas petition 'is expected to state facts that point to a real possibility of constitutional error.'" *United States v. Dyess*, 730 F.3d 354, 359 (4th Cir. 2013) (quoting *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977)). Therefore, "vague and conclusory allegations contained in a [habeas] petition may be disposed of without further investigation by the District Court." *Id.* (quoting *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000)); *see Raines v. United States*, 423 F.2d 526, 531 (4th Cir. 1970). That is the case here. Harrell contends his 365-day sentence for contempt violated the Constitution because he "can show that the court is racists among Black African Americans due to friendship, relationships that the judges are having with local lawyers within that jurisdiction." (Resp. 1.) Harrell further contends that his "punishment did not fit the 'non-crime' therefore the sentencing was harsh, and absolutely a violation of the Constitution laws or treaties of the United States." (*Id.* at 2.) Because Harrell has repeatedly failed to allege specific facts that show a particular violation of the Constitution, *Geter v. Ryan*, No. 90–16076, 1990 WL 212619, at *1 (9th Cir. Dec. 20,

---

[1] Harrell failed to file his response on the standardized form as required. Furthermore, Harrell's response fails to state any coherent basis for federal habeas relief.

1990), the action will be DISMISSED WITHOUT PREJUDICE. The outstanding motions (ECF Nos. 6, 8, 14, 16) will be DENIED AS MOOT. The Court will DENY a certificate of appealability.

An appropriate Order shall accompany this Memorandum Opinion.

Date: May 19 2016
Richmond, Virginia

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE